```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| **ABEL DE LEON,** )<br>    Plaintiff,   )<br>              )<br>    v.         )<br>              )<br>**THE JUDICIARY,** )<br>    Defendant.  )<br>              ) | Civil Action No.<br>20-cv-11800-NMG |

## ORDER

**GORTON, J.**

Pro se litigant Abel De Leon, who is a federal prisoner confined at a federal prison in Danbury, Connecticut, has filed three documents entitled "Congress Proves No Oversight." (Dkt. Entry Nos. 1, 3, 4).

De Leon pled guilty in another federal district court on a charge of receipt of child pornography and was sentenced to 240 months of imprisonment. See United States v. De Leon, Crim. No. 12-cr-01847 (W.D. Tex.). In the present documents, De Leon complains that the judiciary, prosecutors, and law enforcement have engaged in various form of misconduct which has unfairly resulted in convictions for pornography-related crimes. In each of these documents, De Leon requests that legislation be passed to mandate the implementation of software eliminating child pornography, to repair damage caused by the judiciary, and to

vacate, set aside, or correct the sentences of those convicted of a child pornography crime.

This Court does not have jurisdiction to provide the requested relief.  The judicial, legislative, and executive branches of the federal government are three distinct branches of government.  This Court is without power to require that the legislative branch enact any law.  Further, any challenges to De Leon's conviction or sentence are matters to be raised on appeal or in a motion under 28 U.S.C. § 2255.[1]

Accordingly, De Leon's requests for relief are DENIED and this action is DISMISSED.

**So ordered.**

                                  /s/ Nathaniel M. Gorton
                                  Nathaniel M. Gorton
                                  United States District Judge

Dated: Jan. 20, 2021

---

[1] The Court notes that De Leon's pending pro se motion under 28 U.S.C. § 2255 was filed on December 16, 2019.  See United States v. De Leon, Crim. No. 12-cr-01847 (W.D. Tex.).